# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAVID NORMAN,

        Petitioner,

    v.

WARDEN OF FCC-ALLENWOOD,

        Respondent.

No. 4:22-CV-00669

(Chief Judge Brann)

## MEMORANDUM OPINION

### JANUARY 11, 2023

Petitioner David Norman is currently confined at the Federal Correctional Institution Allenwood Medium (FCI Allenwood), in White Deer, Pennsylvania. He filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He asserts that he was wrongly convicted of a disciplinary infraction, resulting in the loss of good-conduct time and other privileges. For the following reasons, the Court must deny Norman's Section 2241 petition.

## I.   BACKGROUND

Norman is serving a 240-month sentence for wire fraud conspiracy imposed by the United States District Court for the Southern District of New York.[1] On September 9, 2021, Norman's cell was searched and he was reportedly found to be in possession of an illegal cellular telephone that was hidden in an electrical outlet

---

[1]   Doc. 9-1 at 3 ¶ 3; *id.* at 6.

in his cell.[2]  He was charged with Offense Code 108 (Possessing a Hazardous Tool

(cellphone)).[3]  This charge is designated by the Bureau of Prisons (BOP) as one of

the "Greatest Severity Level Prohibited Acts."[4]

Norman and his cellmate denied any knowledge of the presence of the cell

phone.[5]  During the September 15, 2021 Unit Discipline Committee hearing that

followed the filing of the incident report, the Committee found that Norman did

not commit the prohibited act, explaining that the "evidence does not suggest" that

Norman "was aware of this item or placed the item in the discovered location."[6]  It

concluded that, "[b]ased on the preponderance of the evidence[,] the committee is

recommending that this incident report be expunged."[7]

The incident report, however, was not expunged.  It was referred to a

Discipline Hearing Officer (DHO),[8] who held a formal hearing on the charge on

September 29, 2021.[9]  At the hearing, Norman once again denied possession or

knowledge of the cell phone.[10]  The DHO, however, found the charge to be

supported by the "greater weight of evidence," citing the incident report, chain-of-

---

[2]   Doc. 9-1 at 10.
[3]   *Id.*
[4]   *See* 28 C.F.R. § 541.3 (table 1).
[5]   Doc. 9-1 at 11, 13.
[6]   *Id.* at 11.
[7]   *Id.*
[8]   Because the offense at issue was a 100-level offense—the most serious or "Greatest" severity—referral to the DHO for further review was automatic.  *See* 28 C.F.R. § 541.7(a)(4).
[9]   *See* Doc. 9-1 at 18.
[10]  *Id.* at 18, 20.

custody forms, and photographs as evidence that Norman had committed the charged offense.[11]  The DHO imposed harsh sanctions on Norman for the violation, including disallowance of 41 days of good-conduct time, forfeiture of 150 days' nonvested good-conduct time, 90 days' disciplinary segregation, and loss of email and phone privileges for a year.[12]

Norman appears to have appealed the DHO's decision to the BOP's Regional Director and Central Office.[13]  The records Norman provided indicate that on March 1, 2022, Central Office requested additional time to respond to his appeal, making its response due March 26, 2022.[14]  Norman claims that he has never received a final response from Central Office and considers the final appeal denied.[15]  He subsequently filed the instant Section 2241 petition in April 2022.[16]  The petition is fully briefed and ripe for disposition.

## II.   DISCUSSION

Norman avers that he is not raising a procedural due process challenge; instead, he contends that he is asserting that "a preponderance of the evidence" shows that "the cell phone was not [his] and had never been used by [him]."[17]  In

---

[11]   *Id.* at 19-20.
[12]   *Id.* at 8, 20.  Norman's cellmate was also charged and found guilty of the same offense.  *See id.* at 3 ¶ 6.
[13]   *See* Doc. 1 at 2; Doc. 1-1.
[14]   *See* Doc. 1-1.
[15]   Doc. 1 at 2.
[16]   *See generally* Doc. 1.
[17]   Doc. 10 at 1.

other words, Norman is claiming that he is innocent of the charge and that the evidence proves his innocence (rather than establishes his guilt).[18]

While the Court understands Norman's argument, it is substantially limited in its habeas review of prison disciplinary decisions. Federal courts do not review prison disciplinary matters *de novo*; rather, when entertaining a Section 2241 challenge to a disciplinary sanction, district courts must determine whether a prisoner's constitutional or federal rights were infringed.[19] And, when an inmate challenges the sufficiency or weight of the evidence in a DHO hearing through a habeas petition, that claim sounds in a due process challenge under the Fifth or Fourteenth Amendment.[20]

Inmates retain certain procedural due process rights in prison disciplinary proceedings, although these rights "may be curtailed by the demands and realities of the prison environment."[21] *Wolff v. McDonnell* enumerates those protections and requires, at minimum, (1) the right to appear before an impartial decision-

---

[18] *Id.* at 2.

[19] *See* 28 U.S.C. § 2241 (stating that writ of habeas corpus shall not issue unless, *inter alia*, a prisoner "is in custody in violation of the Constitution or laws or treaties of the United States"); *Preiser v. Rodriguez*, 411 U.S. 475, 498-99 (1973) (holding that habeas petitions are proper mechanisms to challenge "fact or duration" of confinement); *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (explaining that federal court review of disciplinary proceeding resulting in loss of good-conduct time "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence").

[20] *See Denny v. Schultz*, 708 F.3d 140, 142-44 & n.5 (3d Cir. 2013) (noting that petitioner's Section 2241 due process challenge was not arguing that DHO hearings were "procedurally defective in any way," but rather that evidence was insufficient to support finding of possession of contraband discovered in a two-inmate cell).

[21] *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 555-56 (1974)).

making body; (2) written notice of the charge(s) at least 24 hours in advance of the disciplinary hearing; (3) an opportunity to call witnesses and present documentary evidence (so long as the presentation of such evidence is not "unduly hazardous to institutional safety or correctional goals"); (4) if the inmate is illiterate or complex issues are involved, assistance from another inmate or a staff member; and (5) a written decision by the factfinder setting forth the evidence relied on and the reasons for the disciplinary action.[22]

When an inmate challenges the sufficiency of the evidence in a prison disciplinary proceeding that resulted in the loss of good-conduct time, "the requirements of due process are satisfied if *some evidence* supports the decision" to revoke good-time credits.[23]  Determining whether this standard is satisfied "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence."[24]  Rather, the relevant inquiry for the court is whether there is "any evidence in the record that could support the conclusion" reached by the decisionmaker.[25]

Under this minimal evidentiary burden, Norman's Section 2241 petition fails.  Norman does not allege that he was denied any procedural protections

---

[22]  *Wolff*, 418 U.S. at 563-70 (citations omitted).

[23]  *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985) (emphasis added).

[24]  *Id.*

[25]  *Id.* at 455-56; *see also Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013) ("[T]he 'some evidence' standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding." (citation omitted)).

outlined in *Wolff v. McDonnell*.  He challenges only the sufficiency of the evidence.  The DHO, in his written report, relied on the incident report, photographs, and chain-of-custody forms to find Norman guilty.  This evidence plainly satisfies the "some evidence" requirement, and thus there was no due process violation.

The Court is cognizant that Norman is claiming that he is innocent of the charge and that there is no evidence connecting him to the contraband cellphone other than being housed in the cell where the phone was located.  The UDC, in fact, recommended that the incident report be expunged.  Nevertheless, the DHO determined that Norman possessed the cellphone and thus violated prison rules.  Notably, the United States Court of Appeals for the Third Circuit has explicitly found that discovery of contraband in a hidden area accessible from a prisoner's cell is sufficient—in the prison setting—to constitute "some evidence" that the prisoner possessed the contraband.[26]  Because this Court's only question on habeas review is whether there was "any evidence in the record" to support the DHO's decision, and because the Court must answer that question in the affirmative, Norman's Section 2241 petition will be denied.

---

[26]  *See Denny*, 708 F.3d at 147 (holding that discovery of two homemade shanks found in hidden space accessible from petitioner's two-inmate cell, by itself, constituted "some evidence" that petitioner possessed the weapons in question).

**III.   CONCLUSION**

For the foregoing reasons, the Court must deny Norman's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  An appropriate Order follows.

BY THE COURT:


*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge